**FORD MOTOR CO. et al. v. RYAN. FERGUSON et al. v. FORD MOTOR CO. et al.**

Docket No. 21601.

United States Court of Appeals, Second Circuit.

Argued March 6, 1950.

Decided May 8, 1950.

See also, D.C.N.Y., 77 F.Supp. 425.

Simpson, Thacher & Bartlett, New York City, for Ford Motor Company.

Cravath, Swaine & Moore, New York City, for Dearborn Motors Corporation, and Ernest C. Kanzler.

Duncombe & Pleasants, New York City, for Sherman Tractor & Equipment Co., Inc.

Cahill, Gordon, Zachry & Reindel, New York City (James A. Fowler, Jr., Jerome Doyle, Asa D. Sokolow and Milton R. Wessel, New York City, of counsel), for respondent, and for plaintiffs, Harry Ferguson and Harry Ferguson, Inc.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The order, refusing to direct the transfer pursuant to 28 U.S.C.A. §

1404(a), is interlocutory and not appealable.[1] Cohen v. Beneficial Indus. Loan Corp. 337 U.S. 541, 546-547, 69 S.Ct. 1221, is not in point, for there is absent here a "final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it."

■ 2. Judge Swan thinks we have no power to grant a writ of mandamus. Judge Hand and I think this the kind of interlocutory order with which this court can properly deal by way of such a writ, since should petitioners—the defendants—finally lose on the merits below, any error in the interlocutory order would probably be incorrectible on appeal, for petitioners could hardly show that a different result would have been reached had the suit been transferred. Nor, should petitioners win on the merits below, could they collect as costs the additional expenses to them, if any, due to the court's failure to order the transfer.[2] We recognize that the dividing line is by no means entirely clear between the power of this court and its lack of power to issue the writ.[3] But we think this a sufficiently "extraordinary cause"[4] to empower us to do so, if the district judge erred.

■ 3. We come, then, to the question whether the judge abused his discretion in refusing to order the transfer.[5] We think that, by § 1404(a), Congress did not alter the standard theretofore embodied in the doctrine of *forum non conveniens*, despite the fact that that section is applicable to types of actions to which that doctrine did not previously apply. So we read Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 10 A.L.R.2d 921, and United States v. National City Lines, 337 U.S. 78, 69 S. Ct. 955, 10 A.L.R.2d 921. On that basis, these words found in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, still have full vitality: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Those words we interpret to mean (a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the "convenience" of the witnesses or what otherwise might be the balance of "convenience" as between "the parties."

With that standard in mind, we briefly canvass the several factors as follows: We think there will be no great interference with the Ford business if Ford officials must come to New York from Detroit to testify. All of them do not have to be in attendance at once; the defendant lawyers can consult them, in considerable part, by telephone; the trip from Detroit to New York by plane, or even by train, is a short one; and the expense of telephoning and traveling will not be a very ponderable element in litigation of this magnitude. Defendants' records which may be required at the trial need not be

---

1. Jiffy Lubricator, Inc., v. Stewart-Warner Co., 4 Cir., 177 F.2d 360; Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co., 2 Cir., 178 F.2d 866.

2. We may point out, without so deciding, that, regardless of the outcome on the merits, petitioners could probably not recover, in a suit for damages, any expenses resulting from the court's failure to order the transfer. The damages would be the consequences of a judicial act, and in the face of the stringent limitations on an action for "malicious prosecution of a civil suit," or for "abuse of process," defendants, to say the least, would have a steep up-hill road.

3. See Ex parte Peterson, 253 U.S. 300, 305, 40 S.Ct. 543, 64 L.Ed. 919; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; U. S. Alkali Export Association v. U. S., 325 U.S. 196, 65 S. Ct. 1120, 89 L.Ed. 1554; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499; Bank Line v. U. S., 2 Cir., 163 F.2d 133; Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co., 2 Cir., 178 F.2d 866.

4. Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041.

5. On Judge Swan's view, we should **not** reach that question.

in New York continuously if the case is tried there; copies of many of those records have been made in connection with the voluminous depositions already taken; in all likelihood, the counsel for the respective litigants, if they have a mind to, can arrange for the use at the trial of copies of most of those records. Most of the witnesses who are not officers of any of the litigants will be no more "convenienced" by a transfer. Some of plaintiffs' witnesses will be less inconvenienced if the suit remains in New York. The fact chiefly favoring the transfer is this: The defense witnesses who are in Detroit substantially outnumber all other witnesses who are in New York.[5a]

■ Were plaintiffs' venue-privilege not a factor, Judge Hand would conclude that the district judge erred when he refused to order the transfer. I would hold otherwise because there are imponderable elements of such character that, that privilege aside, I am not convinced that he "abused his discretion." I include the following among those elements: Were the case transferred, many witnesses residing in New York could not be compelled to testify in open court, as they can be if the case is not transferred; for all anyone can tell, some of them may be key witnesses, and observation by the jury of their demeanor may be just what will induce a verdict for plaintiffs. "Weighing" and "balancing" are words embodying metaphors which, if one is not careful, tend to induce a fatuous belief that some sort of scales or weighing machinery is available. Of course it is not.[6] At best, the judge

---

5a Since neither plaintiffs nor defendants will commit themselves as to which witnesses they will call, we cannot attempt a witness-by-witness residence analysis. But the following factors may be urged as showing that New York may be as "convenient" as Detroit if not more so:

Plaintiffs charge that the claimed conspiracy was aimed at taking over the distributor-dealer organization and the organization of farm implement suppliers which Ferguson had built up. As Judge Ryan noted below, "Suppliers involved in this case come from Detroit, Pennsylvania, Nebraska, Ohio, Illinois, Texas, South Dakota, Iowa and California. The distributors and dealers are more numerous and equally well dispersed."

The firm of Ford, Bacon and Davis, with offices in New York, surveyed defendants' tractor operations for the Ferguson Company before the disruption of relations between plaintiffs and defendants. The testimony of members and employees of the firm may be quite relevant on the issue of Ford's alleged losses in making the tractors.

After the alleged breach of the agreement between Ford and Ferguson, the Ferguson Company sought to raise capital with which to produce its own tractors. An underwriting contract for a stock issue was signed with Ferdinand Eberstadt & Co., Inc. of New York, and Watling, Lerchen & Co. of Detroit. Promotional meetings were held in New York, Detroit, and three other cities. The evidence on the issue of failure of the financing, then, will come from many sources, and no certain showing can now be made that New York or Detroit witnesses will predominate.

On the issue of Ferguson's development of the tractor, and the issue of the world-wide conspiracy alleged by defendants in their counterclaim, many witnesses will be non-residents of the United States. For such of them as orally testify at the trial, New York or Detroit would probably be equally "convenient."

The defendant Sherman Tractor & Equipment Co. is a New York corporation which has carried on business in the Southern District of New York for many years. The corporation is now in liquidation, and its president has died since this litigation began, but its sales manager, Hugh Stanley Jenkins, is an important source of testimony for plaintiffs. As the district judge said, "This court can, but a Detroit Court cannot, compel his attendance and testimony. Plaintiffs should not be deprived of the opportunity to exploit this source of proof in attempting to demonstrate the validity of their claims."

6. The idea of "weighing" derives from notions entertained when an illusory "quantitative" method of proof was in vogue. Thus, under Canon Law, at one time no Cardinal could be convicted of certain kinds of offenses save on the evidence of seven eyewitnesses. Kenny, Criminal Law (1936) 456; Regina v. Thomas Boulter, 2 Den. 396, 400-401, 169 Eng. Rep. 554, 556. Fortunately, these notions have long been outmoded. See

must guess, and we should accept his guess unless it is too wild.

However, Judge Hand and I agree that, taking the plaintiffs' venue-privilege into account, the defendants have not borne their burden of making out a "strong" enough case for the transfer.[7]

Petition denied; appeal dismissed.

L. HAND, Chief Judge (concurring).

I wish to put my vote solely upon the ground that § 15 of Title 15 U.S.C.A. gives to a plaintiff a privilege which a defendant must overcome by more than a bare balance of convenience between the two forums. If I thought that we had before us an unweighted choice between New York and Detroit, based upon that consideration, I should choose Detroit; indeed, I should think it a clear abuse of discretion to hold otherwise. However, as I understand it, the privilege granted by § 15 still counts in the scale; a defendant must do more than show that the transfer will on the whole make the trial more convenient; it must make the trial markedly more convenient. It does not trouble me that I cannot say how much more that must be; we are often faced with indeterminate and indeterminable standards: reasonable notice, reasonable cause, gross negligence, the requisite proof in fraud or in a criminal prosecution. Much of life depends upon such choices, and he is a pedant who thinks otherwise. In the case at bar I am not persuaded that the balance of convenience is strong enough to declare "clearly erroneous" the finding of the district judge that the defendants have not overcome the handicap of § 15.

SWAN, Circuit Judge (concurring).

I agree with dismissal of the appeal and with denial of the petition for a writ of mandamus, but I would place denial of the petition on the ground that this court lacks power to grant it. As said by Mr. Justice Roberts in De Beers Consol. Mines v. United States, 325 U.S. 212, at 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566: "When Congress withholds interlocutory reviews, § 262 [of the Judicial Code, now incorporated in 28 U.S.C.A. § 1651(a)] can, of course, not be availed of to correct a mere error in the exercise of conceded judicial power." See also Ward Baking Co. v. Holtzoff, 2 Cir., 164 F.2d 34, 36.

---

Wigmore, Evidence, § 2032 et seq. (3rd ed. 1940); Millar, in Engelmann, History of Continental Civil Procedure (1927) 41–49; Frank, If Men Were Angels (1942) 90-91.

7. Because of the reasons given for our decision, we have not considered whether

§ 1404(a) authorizes a transfer in these circumstances: Venue as to Sherman Tractor Co., one of the important defendants, does not exist in the Michigan District, but that defendant has joined in the motion for transfer.