## SKULTETY v. PENNSYLVANIA R. CO.

United States District Court
S. D. New York.
June 1, 1950.

United States Code, 28 U.S.C.A. § 1404(a), which provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This is a suit brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. In the first cause of action plaintiff seeks to recover damages in the sum of $200,000 for the death of her intestate. In the other cause of action plaintiff seeks to recover damages for personal injuries and pain and mental anguish suffered by the deceased prior to his death.

Plaintiff's intestate was injured in a train wreck on December 24, 1948 and it is alleged that as a result of the injury sustained he died on December 27, 1948. This accident occurred upon the defendant's railroad in the vicinity of Freedom, Pennsylvania. The complaint states that the accident in which the deceased was injured resulted from the negligence of the defendant in causing the locomotive in which the plaintiff's intestate was working to collide with cars of another train which had become derailed. Further acts of negligence are alleged, such as failing to give plaintiff's intestate warning of the derailment, and others.

The question before this Court is whether the defendant has made such a special showing of justification for transfer in this action as to satisfy the requirements of Section 1404(a). Section 1404(a) is but a codification of the doctrine of *forum non conveniens*. See Reviser's Notes with reference to Section 1404(a); also Ex parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R.2d 921. The criteria which the Court must consider and appraise in determining a motion pursuant to Section 1404(a) are derived principally from the *forum non conveniens* cases, particularly Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. It is difficult to catalogue the circumstances which will justify either granting or denying the remedy of transfer, and much is left to the discretion of the Court. One principle, however, has been settled by the recent case of Ford Motor

Stephen A. Machcinski, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant moves for an order transferring this action to the District Court for the Western District of Pennsylvania, pursuant to Section 1404(a) of Title 28 of the

Company **v.** Ryan, 2 Cir., 182 F.2d 329, and that is that the balance of convenience must be strongly in favor of a defendant before the plaintiff's choice of forum will be disturbed. Judge Frank writing for the Court said 2 Cir., 182 F.2d 330: "Those words we interpret to mean (a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.'"

The affidavit attached to the moving papers sets forth the following: After plaintiff's intestate was injured, he was taken to the Rochester General Hospital, Rochester, Pennsylvania, where he died on December 27, 1948; that an exhaustive investigation was made by the defendant and by the Interstate Commerce Commission in connection with which 21 of the defendant's employees were questioned; the names and addresses of these employees; that each of the persons named can testify as to his knowledge of the facts and circumstances leading up to and following the accident; that the two doctors, who cared for the deceased, practice in Rochester, Pennsylvania, and that there would be a financial loss and inconvenience to them if required to travel to New York to testify; that all the witnesses who might be called to testify reside either in Pittsburgh, Pennsylvania, which is 439.3 miles from New York City or in towns and cities to the west and farther from New York than Pittsburgh; that the accident on which this suit is based occurred in Freedom, Pennsylvania, approximately 450 miles from New York City; that the action can be tried sooner in the Western District of Pennsylvania than it can be reached for trial in this Court; that most of the witnesses reside in Pittsburgh or within 50 miles of that city and that plaintiff herself resides in Avalon, Pennsylvania, which is in the vicinity of Pittsburgh.

The plaintiff submits an affidavit by one Harold L. Schwartz, managing attorney in the office of the plaintiff's counsel. This affidavit points out that the plaintiff is a widow, 28 years of age, with three small children; that the question of convenience of witnesses will not arise as defendant does not intend to call any and in the interests of justice there should be no transfer; that the plaintiff's intestate was completely blameless in view of the manner in which the accident occurred; that it would take from two to three years before this action would be reached for trial in the Western District of Pennsylvania whereas in this district the action would be reached in approximately 16 months; that this action followed discussions for settlement and since no agreement could be reached the application was made by the defendant to transfer—not in good faith.

This action was commenced on the 13th day of July, 1949, and the answer was served on the 21st day of July. It becomes readily apparent that the defendant waited approximately ten months before making the instant application for transfer.

■ There is much merit to plaintiff's contention that nowhere in the moving party's papers does there appear an allegation that the testimony of any of the listed parties is necessary or essential or that they will in fact testify. The moving papers state that these witnesses might be called and the reply affidavit clearly states that the defendant cannot state whether it will call two witnesses or ten and that "all the defendant can do is to inform this Court of the names and addresses of those persons who have some knowledge of the facts and circumstances of the accident." Defendant's reply affidavit further says that it is impossible in advance of the trial to predict the course the action will take and that it cannot state what witnesses will be called by the defendant. It appears quite clearly that the defendant is doing very little to sustain its burden of showing a strong balance of convenience in its favor. While it is true that it cannot be stated with certainty at this time that the defendant will not call any witnesses as the plaintiff asserts, yet it is far from certain that the defendant will call witnesses in view of the equivocal language which the defendant uses in support of its application;

and the circumstances of the accident, the detailing of which would unnecessarily prolong this opinion, leave doubt as to the necessity of calling these witnesses.

Section 6 of the Federal Employers' Liability Act is a substantial right granted to the plaintiff to choose a forum for the action. True, an action brought under Section 6 is not immune from the application of Section 1404(a) of Title 28, U.S.C.A. However, the benefits of Section 1404(a) being applicable only in a case where the convvenience of the parties and witnesses and the interests of justice require a transfer, the moving party must unequivocally and definitely spell out a clear case of convenience and show a strong case for transfer. This has not been done in this case. The affidavits in support of the moving party are equivocal on the matter of the witnesses who will be called to testify. Accepting the statement in the moving papers that it is unable to determine how many witnesses will be called—and that there might be two or ten —it would be unreasonable to suppose that this Court would give greater weight to the convenience of two witnesses than to the plaintiff's privilege, conferred by statute, of choosing the forum.

Much uncertainty also surrounds the question as to which forum will afford the parties a more expeditious trial. Suffice it to say that the papers submitted on this application do not clearly give the answer.

Judge Learned Hand's concurring opinion in Ford Motor Co. v. Ryan, supra, points out that the privilege granted to the plaintiff in selecting a forum still carries weight. Indeed, Judge Hand emphasized that his decision to affirm the lower court's denial of the motion to transfer rested solely upon the weight he was attaching to the plaintiff's privilege of selecting a forum. Judge Hand said 182 F.2d at page 332: "I wish to put my vote solely upon the ground that § 15 of Title 15 gives to plaintiff a privilege which a defendant must overcome by more than a bare balance of convenience between the two forums."

Based upon the foregoing circumstances, the Court does not believe that plaintiff's choice of forum should be disturbed. In view of the fact that the Court cannot determine the balance of convenience in favor of the defendant merely on conjecture as to whether witnesses will be called, and if so, how many, the defendant has not sustained its burden of making out a strong case for transfer. Ford Motor Co. v. Ryan, supra.

Defendant's motion to transfer denied.