### JAMES v. AMERICAN PAC. S. S. CO.

United States District Court
S. D. New York.

June 16, 1951.

Paul C. Matthews, New York City, for plaintiff.

Kirlin Campbell & Keating, New York City, Vernon S. Jones, New York City, of counsel, for defendant.

S. H. KAUFMAN, District Judge.

Defendant moves pursuant to 28 U.S.C. § 1404(a) for an order transferring this action to the United States District Court for the Southern District of California, Central Division. The action is to recover damages for personal injuries alleged to have been sustained by plaintiff while serving as a seaman aboard the U. S. Navy Tanker Shawnee Trail, a vessel operated by defendant under contract with the United States Navy. Plaintiff has demanded a jury trial.

There appears to be no adequate reason why this action should not be transferred. Its only points of contact with the Southern District of New York are these: (1) The complaint was filed here. (2) The offices of the attorneys are located here.

The affidavits are in dispute as to the residence of plaintiff. According to his attorney, he is a resident of Lebanon, Ore-

gon. The affidavit of defendant's vice president claims that plaintiff resides in California. Whether he be a resident of Oregon or of California, it would, of course, be far more convenient to plaintiff if the case were tried in California rather than in New York.

Defendant is incorporated in the State of California and has its principal office at San Pedro, California. The operations of its vessels, including the one on which the accident occurred, are directed from this office. Obviously, it would be to the convenience of defendant if the trial were to be in California.

Plaintiff was injured while the Shawnee Trail was at the United States Air Force pier at Alameda, California. A witness to the accident was the radio operator of the Shawnee Trail. He is claimed by plaintiff to be a resident of Florida, while defendant asserts that his mailing address is in Wilmington, California. However, even if Florida is his residence, it appears that he is still employed aboard the Shawnee Trail which operates out of California. Both the officer and the engineer who were on watch at the time of the accident are residents of California.

Following the accident, plaintiff was seen by a physician who was aboard the vessel examining the crew. He resides in California. Plaintiff was injured on July 29, 1950 and was taken by ambulance to a hospital in Oakland, California. On July 30, 1950, he was transferred to the United States Marine Hospital at San Francisco, where he received treatment until his discharge from the hospital on April 23, 1951. Physicians who treated plaintiff during his hospitalization will be best qualified to testify concerning the nature and extent of his injuries.

Since the probable witnesses to be called are either residents of California or are employed on ships which operate out of California, it would clearly be more convenient for the witnesses if the trial were held in California. Furthermore, the pertinent records in this case are to be found in California. They include the shipping articles, official log books, and the hospital records.

If a transfer is not ordered, the possibility arises that trial may be by deposition. It is sufficiently difficult for a jury to determine the credibility of a witness in open court. Its task should not be rendered more complex by requiring it to determine credibility solely through the written word if such a situation can in any way be avoided.

An examination of the papers in this proceeding leads to the irresistible conclusion that defendant is entitled to the relief provided for by § 1404(a). The burden of showing the necessity for such relief is a heavy one. Ford Motor Co. v. Ryan, 2d Cir., 1950, 182 F.2d 329. Defendant has more than sustained that burden. The motion to transfer this action to the United States District Court for the Southern District of California, Central Division, is granted.

The motion relating to inspection will be left for disposition by the court in which the action is to be tried. See Cinema Amusements, Inc. v. Loew's Inc., D.C.Del. 1949, 85 F.Supp. 319, 321.

Settle order on notice.