## LYNCH v. LUCKENBACH S. S. CO., Inc.

United States District Court,
S. D. New York.

Jan. 4, 1952.

Robert Emmet Connolley, New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City (James W. Lynch and Paul L. Murphy, New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by defendant, under Title 28 U.S.C. § 1404(a), to transfer this action to the United States District Court, District of Massachusetts, for trial. The action was commenced in this Court on April 19, 1951. Defendant answered on June 4, 1951. Plaintiff was brought to New York for examination before trial on June 25, 1951. In December plaintiff moved for a preference. Defendant countered with a motion to transfer this case to Boston.

Plaintiff is a longshoreman and lives in Boston. On July 15, 1949 he was working on defendant's vessel, the S. S. Joseph M. Carey, unloading a cargo of lumber. The vessel was docked at Pier #16, Castle Island, Boston Harbor. The longshoremen worked in pairs and there were seven teams unloading the lumber. Plaintiff claims that the vessel had a list and that when he bent over to pick up a piece of lumber he strained his back. Plaintiff has received State compensation allowance. He was listed for a temporary partial disability of 50% on September 30, 1949, and up to May 1951 the allowance was still in force.

All the longshoremen, fourteen in number, who worked on the vessel at Boston

Harbor at the time plaintiff claims he was injured, reside in Boston or its vicinity. All the medical treatment plaintiff received was administered by doctors (six of them) who reside and practice in Boston. The X-rays and clinical records are located in Boston.

■ The S. S. Joseph M. Carey used to touch at both Boston and New York and at present is on a voyage to the Orient. Her officers it may be assumed could be made available at either Boston or New York. Her former crew list shows members from all over the United States. The Boston witnesses, the longshoremen, would be the important witnesses. They were unloading the lumber. All the Boston witnesses are beyond the 100 mile limit and are not subject to subpoena by this Court. Rule 45(e) (1), Fed.Rules Civ.Proc. 28 U.S.C.A.

The defendant could have been sued in the Massachusetts District in the first instance. I quote the following from the affidavit of the Secretary of the defendant corporation:—

"Defendant has been doing business in the city of Boston, Massachusetts, for the past 25 to 30 years. During that time it has maintained an office for the regular transaction of its business in that city and its present office is located at 131 State Street, Boston, Massachusetts, such office being listed in the Boston telephone directory, of which office Mr. J. T. Sasso is the district manager. Mr. Sasso, over the years, has been repeatedly served with many summons and other processes for the institution of several actions against defendant in Boston, in all of which personal appearances have always been made. Mr. Sasso is in charge of the business of the defendant in Boston and his said office does all the regular business of the defendant pertaining to the berthing, loading, discharging and arranging for cargo and cargo space of all its vessels which constantly enter and leave that port. Defendant is in every sense of the words 'doing business' in Boston, and has been so doing for the past 25 to 30 years."

Plaintiff waited from July 15, 1949 until April 19, 1951 before commencing this action. The natural choice of a forum, if convenience of witnesses had been considered, would have been the Massachusetts District. Why did plaintiff bring suit in New York? Undoubtedly because of the belief that juries in New York City give much larger verdicts than are recovered in other jurisdictions. Yet the jurors of the vicinage traditionally have been considered the best qualified to render a proper verdict.

■■ The Federal doctrine of "forum non conveniens" was thoroughly discussed and expounded in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. The majority view was followed in § 1404(a) of T. 28 as revised. The doctrine has been the subject of further explanation and its limits were defined by the United States Court of Appeals in this Second Circuit in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. On the issue of convenience of witnesses, both the above cases have laid down the rule that unless the defendant makes out a strong case for the transfer, the plaintiff's choice of a forum should not be disturbed. In the case at bar the defendant, Luckenbach Steamship Company, Inc., has made out a strong case under § 1404(a). The convenience of parties and witnesses, and the interests of justice, will be best served by transferring this action to the United States District Court for the District of Massachusetts. If plaintiff has any grounds for applying for an early date for trial, he may make his application in that Court.

Settle an order accordingly.