### JERCLAYDON, Inc. v. HOSID PRODUCTS, Inc. et al.

Civ. 12521.

United States District Court, E. D. New York.

April 22, 1952.

Mock & Blum, New York City, for defendants.

Rogers, Hoge & Hills, New York City, for plaintiff.

BYERS, District Judge.

This is a defendants' motion to transfer this action to the Northern District of New York, pursuant to 28 U.S.C.A. § 1404 "for the convenience of witnesses, in the interests of justice * * *."

■ The action was begun by the filing of a complaint on March 19, 1952 and service was effected upon the defendants on the 20th and 25th days of that month respectively. Before answers were filed, this motion was made by order to show cause dated April 8th and it was argued on the 16th so that it is by no means stale.

· The plaintiff is a Florida corporation having its principal office in Miami. The defendant Hosid is a New York corporation having its principal office in Syracuse in the Northern District of New York. The defendant Lane is an individual residing in this district, having an office in Manhattan where he makes or directs sales of the corporate defendant's products (Comp. p. 50).

The case is for alleged unfair competition in that the corporate defendant's

product labeled Glamur adaptable for cleaning rugs and carpets, is so advertised, marketed, and distributed by the defendants, as to unfairly compete with the plaintiff's trademarked product Glamorene, a rug and carpet cleaning compound, whereby the plaintiff seeks:

1. A decree of quiet possession and use of its said trademark;

2. An injunction against seven types of alleged conduct by defendants constituting unfair competition;

3. In the event that confusion be indeed established, that defendants be enjoined from using the trademark Glamur;

4. An accounting.

The complaint has been examined in order to understand the nature and probable source of certain of the testimony alluded to in plaintiff's answering affidavit and brief filed in opposition to the defendants' motion.

As to the right of the plaintiff to select this forum, there can be no question, and none is raised. Any hesitation in according thereto more than the display of a whim or fancy in view of its remoteness from either district, must yield to a consideration of the importance of the activities attributed to the individual defendant as local sales representative of Hosid, as related in many of the paragraphs, 38 to 52 inclusive, of the complaint.

The opportunity to demonstrate by evidence proceeding from the lips of witnesses on the stand, the truth of a substantial part of the allegations referred to, may well be of great importance to the plaintiff. There can be no misgiving concerning the capacity of defendants' attorneys in this city to subject such testimony as may be elicited to searching and enlightened cross-examination in the interest of truth.

The number of fact witnesses on the issue of first use, demonstration and marketing seems to be substantially the same on both sides, so that preponderance of convenience is not shown to incline to either side. That testimony is of consequence on the issue of prior use of the respective trademarks, but that is not the controlling question if the true nature of the controversy is presently understood.

 Both sides agree that Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, states the rule which should guide the District Court in the exercise of its statutory power; the defendants urge that here Lane is only a nominal defendant and hence he should not be seriously taken into account for the purposes of this motion. The effort has been made to explain why this Court inclines to a contrary view. Not as to his financial stake in the case if any, but for the reason that the very substance of the plaintiff's cause is thought to involve the nature and scope of his activities. Perhaps it is unnecessary to add that although it would seem to serve the convenience of the parties to have the earlier trial that would result from the granting of the motion, and certainly that of the Court in relieving pro tanto the demands upon its calendar, I am not at liberty to yield to those considerations.

Motion denied. Settle order.