### MARKANTONATOS v. MARYLAND DRYDOCK CO.

United States District Court
S. D. New York.
March 18, 1953.

15.  See 261 U.S. at page 476, 43 S.Ct. 450.

Zimmerman & Zimmerman, New York City (Bernard K. Zimmerman, New York City, of counsel), for plaintiff.

Bounds & Wourms, New York City (John P. Wourms, New York City, of counsel), for defendant.

McGOHEY, District Judge.

Two motions are here considered.

Defendant moves, pursuant to Section 1404(a) of Title 28 of the U.S.C.A. to transfer this action "to the United States District Court sitting in and for the City of Baltimore, Maryland," and plaintiff moves to remand the case to the Supreme Court, New York County.

This suit based upon an injury which occurred in Baltimore, Maryland, was instituted in the New York State Court and removed here by defendant on the ground of diversity. The defendant now disputes the plaintiff's New York residence and citizenship but, on the affidavits and other proof submitted by plaintiff, in the form of rent receipts, telephone, gas and electric bills, it is clear to me that he is a resident of New York, where he has maintained a residence at 500 West 190 Street since 1947. The fact that plaintiff has an office in the Baltimore yards of Vergottes, Ltd.,

a subsidiary of his employer, the Ionian Steamship Co. of Athens, and that he stays at the Hotel Baltimore when he is in that city does not change his residence from New York where he lives for about seven months out of each year.

Furthermore, the defendant's present position is inconsistent with its representation to this court in its petition for removal. Its Vice President there stated · under oath that the plaintiff is "a resident of and a citizen of the State of New York."

Defendant is a Maryland corporation,. and the amount sought is sufficient to sustain jurisdiction.

The question here then is whether defendant has sufficiently shown that "the convenience of parties and witnesses [and] the interest of justice" require transfer of the case.

■■■ It is clear in this circuit that Section 1404(a) "did not alter the standard thereofore embodied in the doctrine of forum non conveniens,"[1] and that the factors to be considered in applying that doctrine, as stated in Gulf Oil Corp. v. Gilbert,[2] are still applicable under Section 1404(a). In the latter case the Supreme Court said that "* * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[3] This means that "a defendant has the burden of making out a strong case for a transfer."[4]

Defendant asserts that it has about six witnesses, all of whom live and work in and about Baltimore, Maryland; that these witnesses will have to be examined by deposition if the trial is had in this District. Furthermore, it is "seeking" additional witnesses whose testimony, if they are found too late, will not be able to be taken by deposition and who will have to be brought to New York.

1. Ford Motor Co. v. Ryan, 2 Cir., 182 F. 2d 329, 330, certiorari denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.

2. 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, supra, note 1.

3. 330 U.S. at page 508, 67 S.Ct. at page 843.

4. Ford Motor Co. v. Ryan, supra, note 1, 182 F.2d at page 330.

Plaintiff states that he resides in New York City and that most of his medical treatment was rendered here. He urges that his present suffering and the permanence of his injuries will be a major issue on the question of damages and that his expert medical witnesses as to these matters are New York doctors. Insuring their presence in Baltimore would present a real problem.

By a quantitative standard, and considering the inconvenience of witnesses, the defendant has a balance in its favor but, of course, that alone is not enough to defeat plaintiff's choice of forum; it must be shown that transfer will "make the trial markedly more convenient."[5] This the defendant has not done. The statement that it is seeking more witnesses is sheer speculation and counts for nothing on this motion.[6] There is no showing that its witnesses are unwilling to come to New York to testify. Indeed, since most of them are employees of the defendant, there should be no economic pressure upon them to refrain from leaving work for the time necessary to come to New York for the trial. There is no showing that the plaintiff chose his forum in order to vex, harass or oppress the defendant, or that he shopped for a forum. While it is not necessary here to decide that defendant is "doing business" in this District, it has connections here in that it maintains an office for the regular solicitation of business and employs here a staff of three persons.

The convenience of parties must also be considered. The plaintiff is a resident of this District and, while that is not the only consideration, it is a fact of "high significance."[7] Forcing him to leave the district of his residence and conduct the trial in a foreign district would in the circumstances of this case be a hardship.

Considering all the facts, "the convenience of parties and witnesses" and the "interest of justice," defendant has not sustained the heavy burden required of him to justify this transfer.[8]

Remand to the State Court is sought on the ground that the petition for removal was filed more than twenty days after "the commencement of the action" and on the further ground that the right to remove was waived by filing an appearance, answering the complaint and serving a notice to examine the plaintiff in the State Court.

Section 1446(b) of Title 28 U.S.C.A. provides: "The petition for removal of a civil action * * * shall be filed within twenty days after the receipt by the defendant * * * of a copy of the initial pleading setting forth the claim for relief * * *, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Service of a summons only was made on defendant on July 9, 1952. The complaint was served by mail on August 26. The defendant received it on August 27 and answered it on September 9. On that day it also filed its petition for removal. Clearly the petition was filed within twenty days after receipt of the initial pleading, and the right to remove was not waived by answering and serving a notice to examine the plaintiff.

Both motions are in all respects denied.

Settle order.

5. Ford Motor Co. v. Ryan, supra, note 1, 182 F.2d at page 332.

6. See Skultety v. Pennsylvania R. Co., D. C.N.Y., 91 F.Supp. 118.

7. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524–525, 67 S.Ct. 828, 91 L.Ed. 1067.

8. See Belair v. New York, N. H. & H. R. Co., D.C.N.Y., 88 F.Supp. 572; Naughton v. Pennsylvania R. Co., D.C.E.D.Pa., 85 F.Supp. 761.