(4) The motions now before the Court are premature.

Magdalena SOKOLOWSKA, as Administratrix of the Estate of Eleonora Kurkowska, Plaintiff,

v.

NATIONAL AIRLINES, Incorporated and Douglas Aircraft Company, Incorporated, Defendants.

Meyer F. LEWIS, as Administrator of the Estate of Rodma Lewis Osman, deceased, Plaintiff,

v.

NATIONAL AIRLINES, Incorporated and Douglas Aircraft Company, Incorporated, Defendants.

FIRST NATIONAL BANK IN GREENWICH and William S. Hirschberg, as Executors of the Estate of Eben F. Putnam, deceased, and First National Bank in Greenwich as Administrator c.t.a. of the Estate of Frenelia Lillian Putnam, deceased, Plaintiffs,

v.

NATIONAL AIRLINES, Incorporated and Douglas Aircraft Company, Incorporated, Defendants.

United States District Court
S. D. New York.

Oct. 18, 1954.

Theodore E. Wolcott, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, for National Airlines, Inc.

Haight, Deming, Gardner, Poor & Havens, New York City, for Douglas Aircraft Co., Inc.

DAWSON, District Judge.

This is a motion to transfer the above-entitled actions to the District Court for the Southern District of Alabama, pursuant to Sec. 1404(a) of Tit. 28 U.S.C.

These are three actions brought by administrators or executors of passengers allegedly killed in the crash of defendant National's aircraft in the Gulf of Mexico on February 14, 1953. The flight originated in Miami, Florida and after a stop at Tampa, Florida, was en route to New Orleans, Louisiana, when the accident occurred. The complaint alleges negligence in the maintenance and operation of the plane by defendant National, and negligence in the manufacture and design of the plane by defendant Douglas. The principal defense of National is that the accident was the result of an Act of God in that the aircraft encountered a storm of unprecedented severity which had not, and could not have been, predicted. The decedents Eleonora Kurkowska, Eben F. Putnam, and Frenelia Lillian Putnam were not residents of New York. The decedent Rodma Lewis Osman apparently was a resident of New York in the period immediately prior to her death. However, her next of kin are not residents of New York. The defendant urges that the aircraft crashed in the Gulf of Mexico off the coast of Alabama, and that it will seek to present testimony at the trial of residents of Alabama who observed the unprecedented weather conditions at the time.

Defendant National states that it also intends to present testimony at the trial of a number of its employees stationed at Miami, New Orleans, Tampa, and Pensacola, as well as of employees of the United States Weather Bureau who are believed to be presently residing in or near New Orleans and Miami. It would seem that these would be the more important witnesses to present testimony as to the weather conditions than laymen who happened to be in Alabama at the time of the storm. None of these witnesses is alleged to reside in Alabama.

At the argument of the motion, I inquired whether there was any desire that the case be transferred for trial to Miami where the flight originated and where it appeared a number of actions are pending growing out of this same accident, and where many of such witnesses would be available. No action arising out of this accident is pending in Alabama. Defendant Douglas stated that it would not consent to a transfer of the actions to the District Court of Florida and that it is not amenable to process in Florida; and that, therefore, it is not a District where the action might have been brought against it under the provisions of Sec. 1404(a). Therefore, the only question is whether the action should remain in New York or be transferred to Alabama.

When it is considered that most of the witnesses are outside the jurisdiction of the Alabama Court and that no cases arising out of this accident are now pending in Alabama, it does not seem that the defendants have established that overwhelming balance of convenience which would warrant the Court in transferring the action to Alabama. Unless the balance is strongly in favor of the defendants, the plaintiffs' choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Markantonatos v. Maryland Drydock Co., D.C.N.Y.1953, 110 F.Supp. 862.

Defendant National also urges that the accident occurred within the territorial limits of Alabama and that, therefore, the Alabama statute, assessing damages according to the degree of the culpability of the defendant, will be applicable. The plaintiffs urge that the accident took place in the Gulf of Mexico and not within the territorial limits of the State of Alabama, and that the law of Alabama will not be applicable. This is an issue of fact which cannot be decided on this motion and which will have to be determined in whatever district the actions are tried.

I do not believe that the defendants have shown that the transfer of the actions to Alabama urged by them will "make the trial markedly more convenient". Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, at page 332, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. The plaintiffs' choice of this forum will not be disturbed.

The motion is denied. So ordered.