**Arthur FOSTER, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.
Oct. 25, 1960.

Di Costanzo & Klonsky, Brooklyn, N. Y., for plaintiff, by Robert Klonsky, Brooklyn, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant, by Joseph M. Cunningham, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This is an action by a seaman to recover money damages under the Jones Act (46 U.S.C.A. § 688) and for the breach by the defendant shipowner of a warranty of seaworthiness. The injury is alleged to have occurred aboard the S.S. Thomas Nelson on February 24, 1959, while that vessel was transiting the Manchester (England) canal. The defendant seeks to have this action transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court, for the Eastern District of South Carolina, (Charleston Division).

In the affidavits submitted in support of the transfer, it is asserted as reasons why the transfer should be granted that the S.S. Thomas Nelson is a merchant vessel, the regular trade route of which is solely in the southeastern states, and thus that it does not ordinarily come to the port of New York; that the plaintiff lives and "signed on" the vessel in Charleston and that the defendant is subject to suit in that city; that most of the crew were engaged in southeastern ports; and that two officers of the vessel reside in the southeast. It is not alleged that these officers will be witnesses at the trial.

The moving party urges further that the plaintiff selected New York principally because of his belief "that the juries

in New York are likely to give more money to the plaintiff for his case here than would a jury in a Federal Court where he lives, i. e., in Charleston."

The affidavit submitted in opposition to the motion alleges that although the summons and complaint were filed in this court on July 8, 1959, numerous requests for extensions of time were granted at the instance of the defendant on the representation that settlement discussions would be seriously conducted; that during this period of negotiation the plaintiff came to the office of his attorneys in New York and was examined by a New York doctor specializing in urology, who is to be called as a witness at the trial; that the relevant hospital records are located at the United States Public Health Service Hospital in Baltimore, which is closer to New York than to Charleston; and that the important witnesses to the accident are also closer to this jurisdiction than to Charleston. In this connection, he asserts that two prospective witnesses at the trial reside in Illinois and Massachusetts, respectively. In addition, the plaintiff claims that the defendant seeks a transfer because it anticipates that a jury verdict in Charleston will be substantially less than that of a jury in New York.

█ In resolving this motion, I must weigh the convenience of trial in New York as against trial in Charleston, South Carolina, to determine in which place the trial can better be conducted without oppression to either party. See Peyser v. General Motors Corp., D.C.S.D. N.Y.1958, 158 F.Supp. 526.[1]

██ While it is true that a transfer may be ordered under § 1404(a) upon a lesser showing of inconvenience than would be required to warrant a dismissal under the doctrine of forum non-con-

veniens, Norwood v. Kirkpatrick, supra, the burden, nevertheless, is on the movant to make a clear-cut showing that the convenience of the parties and the interests of justice will be better served in the transferee district. Plaintiff's right to choose the forum is a relevant consideration, so that where the interests are evenly balanced or where it is impossible to determine where the equities preponderate, transfer should be denied. United States v. E. I. duPont de Nemours & Co., D.C.N.D.Ill., 87 F.Supp. 962, 965, appeal dismissed 1950, 339 U.S. 959, 70 S.Ct. 1002, 94 L.Ed. 1370; see also Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 1950, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.

█ In order to meet this burden, the movant must specifically indicate the reasons why it would be greatly inconvenienced by trial in New York, e. g., in the production of witnesses and documents, and why trial in another forum would be more convenient. It is clear that this has not been accomplished by the vague allegations in the defendant's affidavits; the defendant does not even indicate which witnesses it plans to produce at the trial. It is a factor such as the materiality of a prospective witness' testimony which is of importance to a judge in determining a motion of this type, see, e. g. National Tea Company v. The Marseille, D.C.S.D.N.Y.1956, 142 F. Supp. 415, 416 and the defendant does not make any showing that any material witnesses will be inconvenienced by a trial in this district.

On the other hand, it appears that two of the plaintiff's important lay witnesses, as well as the relevant medical records, are much closer to New York than to Charleston. In addition, plaintiff's medical expert resides in New York.

---

1. The criteria to be considered were laid down in the forum non-conveniens case of Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. They are still relevant to cases under § 1404(a). See Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. The most important factors are (1) relative ease of access to sources of proof; (2) availability of process for compelling attendance of unwilling witnesses and the convenience and cost of obtaining willing witnesses; (3) the effect of prolonged trial on defendant's business; (4) the various public interests involved.

The instant case bears close analogy to Lykes Bros. Steamship Co. v. Sugarman, 2 Cir., 1959, 272 F.2d 679. In denying a petition for mandamus to compel transfer under 28 U.S.C. § 1404(a) to Louisiana, the Court noted that both parties to the two actions in litigation were citizens of Louisiana and that the hospital records, treating physician and defendant's records and witnesses were located in New Orleans. Furthermore, both injuries were sustained in foreign waters, and a portion of the plaintiff's treatment took place in New Orleans. Still, the Court denied the motion for transfer, and indicated the criteria which are to be applied in cases involving seamen's claims for injuries.

"Examining the petitioner's contentions more closely it would appear probable that it does show greater convenience for itself in having the litigation at its home base. But certainly litigation in this district is not unusual for it; jurisdiction here with a local office in the city is so clear that it is not challenged, and the reported cases suggest even more litigation for it in our courts than elsewhere. * * * The testimony of doctors in New Orleans seems offset by the testimony of the doctors secured by the plaintiff in New York City. As to the other witnesses, apparently members of the crews of the two ships, it seems that comparatively few actually claim New Orleans as home; others come from Texas, Mississippi, California, and so on, with some actually from New York. Defendant says it can produce the witnesses it needs more readily in New Orleans. But we do not believe that transfer 'in the interest of justice,' 28 U.S.C. § 1404(a), should be determined by a litigant's willingness to bring its witnesses to one forum and not to another. In all probability the testimony of these witnesses who sail the high seas will have to be taken by deposition anyhow, on some occasion when they happen to be available on shore leave." 272 F.2d at pages 681–682.

It is quite clear that the motion under § 1404(a) is addressed to the discretion of the Court. In the exercise of this discretion, I take note of the long delay in making this motion, which has induced the plaintiff to shift the focus of his activities to New York. I also take note of the special nature of a seaman's claim for injuries, which the then Chief Judge Clark, in the Lykes Bros. case, characterized as "that most transitory of all actions usually heard in whole or part on deposition evidence." 272 F.2d at page 681. Thus, I conclude that the defendant has not sustained its burden of demonstrating a preponderance of inconvenience in a trial in this district. It is difficult for me to observe any inconvenience resulting to the defendant from a denial of transfer, but I can easily foresee inconvenience to the plaintiff should such a transfer be granted.

The motion is denied. So ordered.