Arthur **FOSTER**, Plaintiff,

v.

UNITED STATES LINES COMPANY, Defendant.

United States District Court
S. D. New York.
Sept. 21, 1961.

Division), pursuant to 28 U.S.C.A. § 1404(a). Judge Kaufman denied the earlier motion in an opinion which gave careful consideration to all the relevant facts. Defendant, however, claims that it has now developed new facts warranting a different result from that reached by Judge Kaufman.

Opposing the earlier motion, plaintiff's counsel represented in an affidavit that plaintiff had been examined by a New York doctor specializing in urology, who would be called as a witness upon the trial. However, after the decision on the earlier motion, plaintiff admitted on a deposition that he had not been examined by a New York doctor. Plaintiff's counsel utterly fails to give any acceptable explanation for misstating this material fact to the court on the earlier motion.

It is clear from Judge Kaufman's opinion, reported at D.C., 188 F.Supp. 389, 391, that the misrepresented fact weighed heavily in the court's balancing of conveniences. In fact, the only connection the action had to the Southern District of New York was the alleged examination of the plaintiff by a New York doctor, and the fact that defendant's home office is located there.

A motion for a change of venue is addressed to the discretion of the court. The least of the requirements on such a motion is that opposing affidavits presented to the court state the facts with complete candor. Surely plaintiff's failure to observe that fundamental standard is not to be rewarded by permitting him to maintain his action in this district when the creditable affidavits before the court establish that the defendant is subject to jurisdiction in the Eastern District of South Carolina (Charleston Division) where the plaintiff resides, that the ship was in foreign waters at the time of the alleged injury and does not trade out of the port of New York but regularly calls at South Atlantic ports, and that most of the crew reside in South Atlantic ports nearer to the transferee district than to the

Di Costanzo & Klonsky, Brooklyn, N. Y. (Robert Klonsky, Brooklyn, N. Y., of counsel), for plaintiff.

Kirlin, Campbell & Keating, New York City (Joseph M. Cunningham, New York City, of counsel), for defendant.

MacMAHON, District Judge.

This is the defendant's second attempt to transfer this action to the Eastern District of South Carolina (Charleston

Southern District of New York. Accordingly, the court finds that the interest of justice and convenience of witnesses would be better served by transferring this action to the Eastern District of South Carolina (Charleston Division).

Motion granted. So ordered.