**Archie C. CARTER, Plaintiff,**
v.
**UNITED STATES LINES COMPANY,
Defendant.**

United States District Court
S. D. New York.
Dec. 15, 1961.

Di Costanzo, Klonsky & Sergi, Brooklyn, Edward D. Lory, Brooklyn, N. Y., of counsel, for plaintiff.

708

Kirlin, Campbell & Keating, New York City, Carroll J. Ryan, Marshall P. Keating, New York City, of counsel, for defendant.

FEINBERG, District Judge.

Defendant has moved for an order under 28 U.S.C. § 1404(a) transferring this case to the United States District Court for the Eastern District of South Carolina. Plaintiff, a seaman, suing under the Jones Act, 46 U.S.C.A. § 688, was injured aboard defendant's ship while at berth in Hamburg, Germany. He received medical treatment in Savannah, Georgia and was examined by his own physician in Charleston, South Carolina, where he resides.

Defendant has named six persons who "may have knowledge of the alleged incident" complained of, only two of whom live within the transferee district. The other four live in Virginia, Maryland, Florida and Georgia. Defendant claims that transfer is in the interests of justice because it should have the opportunity to cross-examine plaintiff's medical witnesses before a jury, because "ready access to the medical proof is best available in the transferee jurisdiction", because an examination of the deck of the vessel where the accident occurred "may be effected more easily in the transferee jurisdiction", and because there would be a speedier trial in South Carolina.

The general rule on motions under § 1404(a) has been stated as follows:

" * * * the burden, * * *, is on the movant to make a clear-cut showing that the convenience of the parties and the interests of justice will be better served in the transferee district. Plaintiff's right to choose the forum is a relevant consideration, so that where the interests are evenly balanced or where it is impossible to determine where the equities preponderate, transfer should be denied." Foster v. United States Lines Company, 188 F.Supp. 389, 391 (S.D.N.Y.1960)

This would appear to be a case where the burden has not been met. Defendant's papers do not state which of the six named persons will be called as witnesses and are vague as to which ones have any knowledge of the occurrence. Therefore, I cannot say on this record that a prospective witness whose testimony would be material would be inconvenienced by a trial in this district. In this connection, it should be pointed out that the Court of Appeals for this Circuit, in referring to seamen's actions, has noted that "in all probability the testimony of these witnesses who sail the high seas will have to be taken by deposition anyhow, on some occasion when they happen to be available on shore leave." See Lykes Bros. Steamship Co., Inc. v. Sugarman, 272 F.2d 679, 682 (2 Cir. 1959). Moreover, plaintiff's papers in opposition state that there are two witnesses not named in the moving papers who have knowledge of what appears to be material information.

Defendant's contention that examination of the deck of the vessel where the accident occurred "is of the utmost importance" and could be effected more easily in South Carolina than in this district does not appear to be a valid one. Certainly defendant has had adequate opportunity since the filing of the complaint in June 1960 to examine the allegedly defective scaffolding and platform and the deck upon which it rested, since the ship is within its control.

Similarly, the contention that defendant is being deprived of the opportunity for cross-examination of plaintiff's medical witnesses before a jury is not very persuasive. According to defendant's papers, plaintiff received medical treatment in Savannah, Georgia and in South Carolina. Defendant makes no showing that a Georgia physician would be more amenable to process and more likely to testify at the trial if it were held in South Carolina rather than in New York. Plaintiff's papers state that he would "of necessity, use New York physicians" if the case were tried here "and the defendant would most certainly have an opportunity to cross-examine them." As to hospital records in Georgia or South

Carolina, if any there be, Lykes Bros. points out that they "are quite freely admissible" and "little more is needed than a pre-trial order to produce them." 272 F.2d at 681.

Defendant's claim that transfer would result in a speedier trial alleges that no Jones Act cases were pending in the Eastern District of South Carolina during the fiscal year 1960, and many Jones Act cases were pending in this Court during the same period. Plaintiff's papers point out, however, that even if this is so defendant's delay in making its present motion should mitigate against it. Based upon defendant's own figures, plaintiff points out that the median time involved for filing of a complaint to disposition of civil cases in the Eastern District of South Carolina is 17.3 months. Since the motion in this case was not brought until September 29, 1961, and the complaint was filed in June 1960, plaintiff points out that, if defendant had moved promptly, the waiting period for trial of the case in South Carolina might now be short. But, according to plaintiff, because of the delay, the waiting period in South Carolina may now be longer than the waiting period in this district for the case in its present posture. While I am not prepared to accept fully either defendant's arguments and their implications or plaintiff's answers thereto, I do feel that defendant's delay in making its motion is a fact to be taken into consideration in exercising my discretion under § 1404(a). Moreover, I am mindful of the comment in Lykes Bros. that " * * * possibly to seamen the idea of justice may be better subserved by avoiding overrigid control of their choice of forum." 272 F.2d at 682.

Upon consideration of what I feel are all the relevant factors, I do not think that defendant's motion should be granted. See Kaufman, Transfers Under New Judicial Code, 10 F.R.D. 595, 605 (1950); Ford Motor Co. v. Ryan, 182 F.2d 329 (2 Cir. 1950); Skultety v. Pennsylvania R. Co., 91 F.Supp. 118 (S.D.N.Y.1950).

So ordered.