**COMMERCIO TRANSITO INTERNA-
ZIONALE, Ltd., Plaintiff-Appellee,**

v.

**LYKES BROS. STEAMSHIP CO., Inc.,
Defendant-Appellant.**

**No. 201, Docket 24365.**

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1957.

Decided April 29, 1957.

Tompkins, Boal & McQuade, New York City (Arthur M. Boal, New York City, of counsel), for defendant-appellant.

Sereni & Herzfeld, New York City (Walter Herzfeld, Herbert Rubin and Bernard J. Wald, New York City, of counsel), for plaintiff-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and SMITH, District Judge.

MEDINA, Circuit Judge.

Suing on its own behalf and as assignee of H. R. Jacoby, Inc., plaintiff has recovered damages for delay in delivery of certain shipments of acetone and lubricating oil after presentation of the bills of lading in proper form and after due demand. Defendant appeals.

The source of such controversy as may be said to exist in the case is a certain similarity of names and the service of Italian attachment papers which turned out to be invalid on their face. In addition, there is a question of law relative to the Jacoby shipments, as the action was commenced more than one year after delivery of the goods was actually made.

This legal point will be discussed in the closing paragraphs of this opinion.

There were two New York corporations, Commercio Transito Internazionale, Ltd., and H. R. Jacoby, Inc., which in due course made certain shipments of acetone and lubricating oil on vessels owned by appellant, bound for Genoa, Italy. The merchandise arrived in good order and some time subsequent to the service of the attachment papers, which will be described shortly, the bills of lading in proper form were presented to Paolo Scerni, who was concededly appellant's agent, and immediate delivery of the merchandise was demanded. We shall not discuss the details; suffice it to say that the documents were in order, the demand properly made, and, according to commercial practice and applicable law, the acetone and the lubricating oil should have been delivered without delay. The Jacoby rights having been assigned to appellee, a recovery was in order in the absence of proof by appellant of some legal excuse for non-delivery or a showing that the suit was not timely brought.

Appellant's defense was that, as to the acetone, a writ of attachment had issued out of the District Court for Civil Matters of Genoa, in the nature of a Third-Party Attachment, based upon a decree of January 3, 1948, of the presiding justice of the Superior Court of Milan, authorizing the Third-Party Attachment of "the assets, claims, amounts and merchandise" belonging to the "Societa Commercia Transito Internazionale" up to the amount of 33,200,000 Lire. In the writ of summons, dated February 2, 1948, at Genoa, the alleged debtor is described as "Commercio Transito Internazionale, with registered Office in Milan" and the debtor is directed to appear at a hearing on February 23, "in the person of its Director Mr. Hanjo Ogric of Via Dei Bossi 2." Other references in the attachment papers are to "Societa a.r.1. Commercio Transito Internazionale having its principal office in Milan." As there was an Italian corporation as thus described, in charge of Mr. Hanjo Ogric in Milan, facts well known to ap-

pellant through a variety of prior transactions, it is quite clear to us that the mere service of such papers upon appellant in Genoa furnished no excuse whatever for its failure to deliver the acetone upon the presentation of the bills of lading. No attempt was ever made by the attaching creditor to levy upon any specific property by taking the same into the physical possession of an officer of the court or otherwise. Moreover, the attachment was ultimately vacated because of the failure to make service of the attachment documents above referred to within thirty days after the date of the decree of January 3, 1948, the service having been made on February 3, one or two days too late. The invalidity of the attempted levy was thus apparent upon the face of the papers.

The trial judge made the following findings:

"21. Defendant offered no evidence indicating that it was in any way prohibited by court order to deliver the merchandise under the said bills of lading.

"22. Defendant offered no evidence of any provision of Italian law prohibiting it from making delivery of the said merchandise or excusing its failure to make delivery."

Nor was there at any time a dispute about appellee's ownership of the acetone and the bills of lading. The Italian corporation had no title thereto at any time.

Risks incident upon questions of identity and the similarity of names are inherent in the business of a common carrier, and must be borne by the carrier in the absence of fraud or proof of facts giving rise to an estoppel.

The lubricating oil was shipped by H. R. Jacoby, Inc. The second writ of attachment was served on appellant on February 7, 1948, and refers to "all property, claims, merchandise and amounts * * belonging to Mr. H. R. Jacoby."

We need not pursue the details of the attachment proceeding insofar as it may be deemed to constitute a defense against the claim arising out of the non-

delivery of the lubricating oil, as it is elementary that an attachment against the goods of an individual can furnish no excuse for failure to honor a bill of lading issued to a corporation of the same name. Here again, the trial judge found that appellant by prior transactions and other notice was well aware of the fact that Mr. Jacoby and H. R. Jacoby, Inc., were not the same.

After a long period of correspondence back and forth, which it is tedious to read, and which completely demonstrates the lack of any valid excuse for non-delivery, appellant finally made delivery of the lubricating oil on May 3, and of the acetone on July 24, 1948. This action was commenced on July 22, 1949.

As to the Jacoby claim, appellant also relies on the defense of limitations, since the lubricating oil was delivered more than a year before suit was brought. Appellant contends that the claim is barred by the one-year statute found in Section 3(6) of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6):

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered * * *."

The section is not applicable *ex proprio vigore*, for the claim arose after the goods had been discharged from the ship. 46 U.S.C.A. § 1311; The Monte Iciar, 3 Cir., 167 F.2d 334. Clauses 1 and 19 of the bill of lading, however, make the one-year limitation applicable so long as the goods are in the custody of the carrier.

Appellee contends that the limitation applies only to claims for loss of the goods or physical damage thereto, citing United Merchants & Mfgrs. v. United States Lines Co., 204 Misc. 989, 126 N.Y.S.2d 560, 562. The basis of the holding in that case was that when Section 3 is read as a whole, "it is reasonable to infer that the words 'loss or damage' relate to physical loss or damage and not loss of market. The section is replete

with references which can apply only to physical loss or damage. For example, subdivision 6 contains the following: 'If the loss or damage is not apparent, the notice must be given within three days of the delivery.' "

Although we agree that there are places in the section in which the phrase need have no broader meaning than loss of or physical damage to the goods, we disagree with the conclusion that it must be so limited wherever it is used. We take it that the phrase has a uniform meaning, not merely in Section 3, but throughout the Act; and there are a number of places in which the restricted interpretation suggested would be inappropriate. For example, Section 4(2) exempts the carrier and the ship from liability for "loss or damage" resulting from certain causes beyond their control. We cannot believe that the Congress meant to exonerate the carrier and the ship in the case of nondelivery or delivery of damaged goods, but to withhold similar relief in the case of delivery delayed by similar causes. Section 4(3) provides that unless he is at fault, "The shipper shall not be responsible for loss or damage sustained by the carrier or the ship." Surely in this instance it is clear that the phrase is used with the broad meaning it normally has in legal writing, and that the interpretation urged by appellee would be unduly restrictive. Again, Section 4(4) deals with "loss or damage" resulting from a deviation. Here, too, appellee's narrow reading seems at odds with the intention and purpose of the Carriage of Goods by Sea Act.

The legislative history is meager but seems to lean in the direction of the broader interpretation. The form of the bill as reported was finally acceptable to the many potentially conflicting interests in ocean carriage, with the result that explanations by its proponents on the floor were extremely brief. The only reference found to the time limitation for suit under the Act is the statement of Senator White of Maine, who was in charge of the bill: "The present law imposes a very limited restriction on the right to bring suits against the carrier for defaults of one sort or another. This enlarges the time within which a shipper who has suffered damage may bring his suit against the carrier." 79 Cong.Rec. 13341. This statement would seem to indicate that the defaults covered were not limited to any particular narrow field, such as physical loss or damage.

We conclude that "loss or damage" includes loss or damage caused by delay, and that the Jacoby claim is barred by limitations.

■ The only remaining contention deals with the amount of damages. While it may be, as Judge Edelstein said in his unreported opinion, that "The evidence on loss of market is not strong," it was sufficient to justify his findings. The $500 fee paid the Genoa counsel retained to secure the release of the detained cargo was made necessary by appellant's wrongful acts and is a proper item of damage.

Affirmed as to the Commercio claim; reversed as to the Jacoby claim.