**AMERICAN OIL COMPANY, Libelant,**

v.

**The STEAMSHIP IONIAN CHALLENG-ER, her engines, boilers, etc., and Petroleum Transport Ltd., Respondents.**

No. 64 Ad. 409.

United States District Court
S. D. New York.

Nov. 29, 1965.

Poles, Tublin & Patestides, New York City (Theodore P. Daly, New York City, of counsel), for libelant.

David P. Dawson, New York City, for respondents.

## MEMORANDUM

MacMAHON, District Judge.

Respondents, asserting that libelant's claim is time-barred, move under Admiralty Rule 58 for summary judgment. They also move under Admiralty Rule 30E(b) to stay discovery proceedings until twenty (20) days after the motion for summary judgment is decided.

In April of 1961, libelant chartered respondent S. S. Ionian Challenger for the purpose of transporting crude oil and petroleum products to United States ports. After loading a cargo of Boscan crude oil at Bajo Grande in the Caribbean, the Ionian Challenger arrived at the charterer's refinery in Baltimore on May 2. Unlading was delayed, however, until May 7, when the cargo was completely discharged. Between May 2 and May 7, other of libelant's vessels, which were waiting to use the occupied berth, were also delayed in unlading. Libelant brought the present suit for negligence and breach of the charter party almost three years later, alleging that the delays were caused by respondents' failure to equip the Ionian Challenger with adequate heating and pressure systems, and that they damaged libelant in the amount of $27,625.92.

In contending that libelant's suit is time-barred, respondents rely on clause 23(b) on the reverse of the charter party which incorporates by reference Section 3(6) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6) (1964 ed.). Clause 23(b) provides that:

"The Owner and the vessel in all matters arising under this Charter Party * * * shall be entitled to the like privileges, rights, and immunities as are contained in Sections 3(6) * * of the Carriage of Goods by Sea Act * * *."

Section 3(6) of the Carriage of Goods by Sea Act provides that:

"[T]he carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. * * *"

Respondents argue that the incorporated limitation applies not only to suits for loss of, and damage to, goods but also to suits for losses caused by delays in unlading. We think precedent supports respondents. In Commercio Transito Internazionale, Ltd. v. Lykes Bros. S.S. Co., 243 F.2d 683, 686 (2d Cir. 1957), the Court of Appeals for the Second Circuit held that the same limitation provision, incorporated by reference into a bill of lading, applied to "loss or damage caused by delay." Accord, Badhwar v. Colorado Fuel & Iron Corp., 245 F.2d 903 (2d Cir.), cert. denied, 355 U.S. 862, 78 S.Ct. 95, 2 L.Ed.2d 68 (1957). Cf. States S.S. Co. v. American Smelting & Ref. Co., 339 F.2d 66 (9th Cir. 1964), cert. denied, 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 155 (1965). Though distinctions may be drawn between Commercio and this case, they are not to our mind significant. Libelant's losses are all attributable to delay in unlading, or delivering, cargo from the S.S. Ionian Challenger. Therefore, libelant's claim

is barred by its failure to sue within one year.

Accordingly, respondents' motion for summary judgment is granted, and their motion to stay discovery proceedings is, therefore, rendered moot.

Submit decree on notice within ten (10) days.