READE SHIRTS, Inc. v. COMMON-WEALTH INS. CO. OF NEW YORK et al.

United States District Court
S. D. New York.

Feb. 7, 1952.

942

Finke, Jacobs & Hirsch, New York City, for plaintiff.

Powers, Kaplan & Berger, New York City, for Commonwealth Ins. Co. of N. Y., National Union Fire Ins. Co. of Pittsburgh, Pa., and Home Ins. Co. of New York.

Lowenstein, Pitcher, Amann & Parr, New York City, for Pennsylvania Fire Ins. Co.

Frederick T. Case, New York City, for Springfield Fire & Marine Ins. Co.

Affeld, Sowers & Herrick, New York City, for Aetna Ins. Co.

McGOHEY, District Judge.

Defendants move that the cause be transferred to the United States District Court for the Eastern District of Missouri, Southeastern Division. 28 U.S.C. § 1404

(a). For the reasons hereafter set forth I think this should not be done.

Plaintiff, a New York corporation, brought this action in the New York Supreme Court to recover on fire insurance policies issued by each of the six defendants. The action was removed to this court and a motion to remand has been denied. Plaintiff has voluntarily dismissed against defendants Commonwealth and Home which are New York corporations. Of the remaining four defendants, Pennsylvania and National Union are Pennsylvania corporations, Springfield is a Massachusetts corporation and Aetna is a Connecticut corporation. The claims against them total $140,047.30.

Plaintiff operated a shirt factory in Malden, Missouri, and was duly authorized to do business in that State. Its personal property there was covered by the fire insurance policies issued by the defendants, each of which was likewise duly authorized to do business in Missouri. Each policy was countersigned in Missouri and is in the form prescribed by Missouri law.

The fire out of which this claim arises occurred in plaintiff's factory on June 9, 1951. Plaintiff duly filed a proof of loss with each of the defendants in Missouri and brought this action after their refusal to pay.

In support of their refusal defendants rely upon certain provisions of the policies. They contend that the policies were rendered void by reason of plaintiff's alleged fraud or misrepresentation in filing proofs of claim in excess of the actual loss. They contend that the policies were violated in that the sprinkler system was shut off in the westerly part of the factory where the fire allegedly originated. Another alleged violation is plaintiff's failure to maintain an approved watchman's service at the plant. Finally, violation of the policies is alleged because of plaintiff's failure to appear in Malden by its plant manager for examination by defendants respecting the fire and claim.

Defendants list 15 witnesses by name and summarize their expected testimony in support of the outlined defenses. All of them

are Missouri residents, and, as defendants assert can not be compelled to testify in this District. It is not stated, however, that any of them is unwilling to testify here.

The expected testimony of three of the named witnesses is concerned with the activities of Milton Chaffin, who is said to have been general manager of plaintiff's plant. These alleged activities prima facie support suspicious inferences concerning the fire's origin.

Defendants emphasize the expense to them of bringing their witnesses, if willing, to New York. Moreover they urge that the calendar of jury cases is current in the Missouri District Court.

In opposition to the motions, plaintiff asserts that it is without funds by reason of the fire. It avers that it cannot employ counsel outside of New York, and that only by reason of friendship of its president with its general counsel will the latter represent it here. It lists 25 witnesses it expects to call. All of them are residents of the New York area, and all but one are expected to testify with regard to records kept either by plaintiff or by those with whom it did business. All but one, so far as appears from the papers before me, have never been in Malden. The one exception is the Milton Chaffin to whom reference has already been made. Plaintiff states that it has no funds to pay the expense of transporting these witnesses to Missouri even if they were willing to go.

On the basis of what has so far been set forth, the question would be close as to whether or not defendants have sustained their "burden of making out a strong case for a transfer * * *."[1]

To my mind, however, the situation with regard to the prospective witness Chaffin is the determining factor. Chaffin, although employed by plaintiff for 25 years, is no longer in its employ. His affidavit, submitted by plaintiff, sets forth expected testimony, which, if believed, would nullify a great portion of the testimony which defendants expect to adduce. It is clear that he is the chief, if not the sole, prospective witness for the plaintiff with personal knowledge of the fire and its surrounding circumstances. Yet Chaffin's affidavit unequivocally states that for personal reasons which are set forth he will not under any circumstances enter the State of Missouri. To me this is the crux of the problem. Whether his apprehensions are well founded and his refusal justified is beside the point. He is not under plaintiff's control and he cannot be compelled by subpoena to testify in Missouri. Chaffin is truly a key witness "and observation by the jury of [his] demeanor may be just what will induce a verdict for"[2] plaintiff. In addition, the Court and jury in quest of the truth should have the benefits of seeing and hearing him which are not afforded by deposition testimony. In view, therefore, of this factor and the weight to be given to plaintiff's "venue-privilege"[3] the motions to transfer are denied.

Settle order.

---

1. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, certiorari denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

2. Ford Motor Co. v. Ryan, supra, 182 F.2d at page 331.

