Joseph **DREES**, Plaintiff,

v.

**LYKES BROS. STEAMSHIP CO.** and **S.S. Solon Turman, Defendants.**

**No. 79 Civ. 316 (VLB).**

United States District Court,
S. D. New York.

June 30, 1980.

Robert W. Nishman, Jericho, N.Y., for plaintiff.

Mendes & Mount, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I.

This is an action under the Jones Act, 46 U.S.C. § 688, and the general maritime law for personal injuries and maintenance and cure. Defendants have moved to transfer this action to the District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth below, defendants' motion is denied.

### II.

Plaintiff's complaint alleges that on November 15, 1976, while he was employed as a seaman aboard the S.S. Solon Turman, owned or chartered by defendant Lykes Brothers Steamship Company ("Lykes") and then in the vicinity of the Port of Leghorn, he suffered injuries in a fall into one of the vessel's liquid cargo tanks as a result either of the negligence of Lykes or the unseaworthiness of the vessel.[1] The negligence alleged is defendant Lykes's failure properly to instruct plaintiff in the course of his duties and to supervise work at the time plaintiff was injured, its failure to provide necessary ventilating equipment for the tank, its failure to warn plaintiff of a poorly prepared workplace, and its failure timely to assist plaintiff upon learning of his plight. Plaintiff alleges as unseaworthiness that his workplace at the time of injury was not safe, and that necessary ventilating equipment was either non-existent or defective.

### III.

Defendant Lykes is a Louisiana corporation headquartered in New Orleans. Lykes maintains a small office in New York which provides only incidental services, through which it facilitates services to a limited number of local clients. The New York Lykes office is one of 22 branches maintained around the world, 15 of which are in the United States. All personnel records and other pertinent documentation are located at Lykes's principal office in New Orleans.

---

1. The complaint alleges two claims for personal injuries—one under the Jones Act, the other under the general maritime law—and a third claim under the general maritime law for maintenance and cure.

Defendants intend to call as witnesses at trial the master, chief mate, boatswain, and deck utility man who were aboard the vessel at the time of the alleged accident. Plaintiff worked under Chief Mate Robert Wilson, who instructed plaintiff about his job. Boatswain Lindsay Wilson was at the scene of the accident. The master, chief mate and boatswain are residents of New Orleans. The deck utility man, James Hyland, who will testify as to the condition of the ballast tank and conversations with plaintiff prior to and after the accident, is a resident of Texas.[2]

At the time of injury and the filing of the complaint, plaintiff was a cadet-trainee at the United States Merchant Marine Academy ("Academy") at Kings Point, New York. During the Academy's four-year program, cadet-trainees are required to reside at the Academy for eleven months each year, except during periods when they are assigned to American flag ships for on-the-job training during two sea periods. Defendant regularly accepted trainees from the Academy in return for a government subsidy under the Merchant Marine Act of 1936. It was during one of these training periods that plaintiff was allegedly injured.

### IV.

This action might have been brought in the Eastern District of Louisiana, where defendant Lykes's principal office is situated. *See* 46 U.S.C. § 688.

■ The factors to be considered in a motion to transfer under Section 1404(a) include the following: "(1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of jus-

tice. . . ." *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967) (Weinfeld, J.).

### V.

Defendants claim that if the case is not transferred, they will be deprived of the benefit of compulsory process with respect to the New Orleans witnesses, and that even if those witnesses should agree to make the trip to New York, the cost of transporting and housing them and continuing to pay their salaries would be prohibitively high.

These seamen witnesses are more likely than not to be at sea, and thus costs will be incurred by transporting them to the place of deposition or trial, wherever it may be. Further, the argument that without transfer defendants will be deprived of the benefit of compulsory process is not compelling. The chief mate may well be a long-term employee of defendant who would be willing to travel to New York. With regard to Boatswain Wilson, defendant has not referred to specific facts that would indicate he would be a hostile witness unwilling to travel to New York or be deposed. James Hyland is a resident of Texas and would not be subject to compulsory process even if the motion to transfer were granted.

Plaintiff intends to call Professor Jules Drucker of New York to testify as to the proper safety measures and equipment in tank cleaning operations. Plaintiff will, of course, also be a witness and was at the time of injury, and at the time of filing the complaint, enrolled at the Academy in New York: thus his contacts with this jurisdiction are substantial.

In a series of recent unreported decisions of this court involving suits against defendant Lykes in this district, motions by Lykes requesting transfer to other districts have been granted. I find these cases distinguishable, largely because plaintiffs in them

---

**2.** Defendants claim that they will call other crew members who reside in Louisiana, but fail to name them or specify the materiality of their testimony. "[M]ore is required of the movant than the mere assertion that it may call a designated number of witnesses at the trial. Of greater importance to the judge is the materiality of the matter to which these witnesses will testify." *Peyser v. General Motors Inc.*, 158 F.Supp. 526, 529 (S.D.N.Y. 1958).

18

did not have the substantial contacts with the jurisdiction manifested by plaintiff here.

In *Confinco v. S.S. Charlotte Lykes*, 79 Civ. 195 (S.D.N.Y. June 21, 1979) (Tenney, J.), a suit for damaged goods, plaintiff was a New York corporation but made no showing that New York witnesses would be required, whereas defendant's principal witnesses were mostly to be found within the transferee district. In *Russel v. Lykes*, 78 Civ. 5142 (S.D.N.Y. May 30, 1979) (Lasker, J.), a wrongful death action brought by the wife of decedent, transfer was made to the Southern District of Alabama, which was the residence of some of the witnesses and more convenient than New York for the others who resided in Louisiana. No witnesses had definitely established residence in New York. In *Stewart v. Lykes*, 78 Civ. 5138 (S.D.N.Y. April 26, 1979) (Lowe, J.), a suit for negligence under the Jones Act, plaintiff had received medical treatment here in the Southern District but was a resident of the transferee district. In addition, transfer was required to obtain compulsory process over witnesses hostile to movant. In *Pattun v. Lykes*, 79 Civ. 469 (S.D.N.Y. May 30, 1979) (Lasker, J.), plaintiff had come to New York for medical treatment, but was a resident of transferee district. The majority of the witnesses were in the transferee district as well.

■ For a majority of the potential witnesses specified by plaintiff and defendants, the Eastern District of Louisiana is the more convenient forum. When the testimony of seamen is required, however, the weight given to the convenience of the witnesses may be diminished in view of the fact that their testimony is often in the form of depositions. *Lykes Bros. Steamship Co. v. Sugarman*, 272 F.2d 679, 682 (2d Cir. 1959); *Viera v. Lykes*, 77 A.M.C. 108 (E.D.Pa. 1976). *But see Stewart v. Lykes*, 78 Civ. 5138, 4 n.2 (S.D.N.Y. April 26, 1979). Plaintiff has substantial connections with this district as a cadet-trainee at the Academy, as does defendant Lykes, which has accepted cadets from the Academy on a regular basis, as required by the provisions

of its government subsidy. Lykes's relationship with the Academy gives rise to the reasonable expectation that suits brought against it by cadet-trainees will be instituted in this forum. In addition, Lykes does business in the jurisdiction.

■ Although plaintiff's choice of forum is not entitled, on Section 1404(a) motions, to the great weight formerly given to it under the doctrine of *forum non conveniens*, *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Schneider v. Sears, supra*, at 266, plaintiff's choice is an important factor in Jones Act cases when seamen are witnesses. In *Lykes v. Sugarman, supra*, for example, a seaman injured on one of defendant Lykes's ships in foreign waters brought suit in the Southern District of New York alleging defendant's negligence and the unseaworthiness of its vessel. Defendant moved to transfer the case to the Eastern District of Louisiana, alleging that both parties were residents of the transferee district. Although the transferee district was more convenient for the majority of the witnesses, the Second Circuit affirmed the district court's decision to deny transfer. The court recognized plaintiff's preference for New York counsel, and the availability of New York medical testimony. It noted that it would "be strange, if not daring, for an appellate court to rule substantially as a matter of law that a seaman's claim for injuries—that most transitory of all actions usually heard in whole or in part on deposition evidence—must be considered chained to a single spot, to wit, the home base of the employer." *Id.* at 681 (dictum). Shipping companies that, like defendant, maintain worldwide operations must be prepared to defend actions in places other than their corporate headquarters. *Viera v. Lykes, supra*, at 109.

■ In view of plaintiff's substantial connection with this jurisdiction, defendant's continuing relationship with the Academy, and the inconvenience to the plaintiff of pursuing this action in another district, plaintiff's choice of forum prevails here.

SO ORDERED.