David L. AYERS, and Sandra Ayers, his wife, Plaintiffs,

v.

ARABIAN AMERICAN OIL COMPANY, Defendant.

No. 82 Civ. 7936 (RLC).

United States District Court, S.D. New York.

July 22, 1983.

Kreindler & Kreindler, Attorneys, New York City, for plaintiffs; Paul S. Edelman, New York City, of counsel.

White & Case, Attorneys, New York City, for defendant; Thomas J. O'Sullivan, Alice R. Belair, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

The motion to transfer is denied. Plaintiffs, husband and wife, residents of Ohio, have brought this action in this forum to recover damages for injuries to the husband sustained in an accident while he was employed by defendant in Saudi Arabia. Defendant is a Delaware Corporation and claims that it is not doing business in New York and has no connection with New York. Defendant seeks to have this action transferred to the Southern District of Texas, Eastern Division, pursuant to 28 U.S.C. § 1404(a). It contends that it is a foreign corporation that has a service agreement with Aramco Services Co. ("ASC"). The latter corporation is doing business in Texas and has its principal place of business in Houston, Texas. Under the service agreement, ASC arranges for defense of lawsuits brought against defendant.

The central focus of any forum *non conveniens* inquiry is to ensure that the situs of the trial is convenient. There is a strong presumption in favor of a citizen or resident plaintiff's choice of forum unless private and public interest factors clearly point to trial in the alternate forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–266, 70 L.Ed.2d 419 (1981).

Although defendant claims lack of contact with New York, it did have an office in New York at 1345 Avenue of the Americas, New York, New York, and was listed at that address in official state proceedings as late as February, 1983. Plaintiff, David Ayers, applied for unemployment insurance under New York law and is processing this claim before the New York State Department of Labor. Defendant is participating in that proceeding, and in a determination dated February 13, 1983, defendant's address is given as 1345 Avenue of the Americas. Since there is no reference in the

February 13, 1983 determination to a protest by defendant concerning its participation in the state proceedings and no assertion in this case that it resisted plaintiffs' effort to invoke New York's unemployment insurance law, it is safe to assume that defendant participated in the proceedings before the New York State Department of Labor as an employer within the reach of the employment insurance laws of the state. Moreover, as of December, 1982, it was registered with the New York Department of State as doing business in New York, with C.T. Corporation cited as its agent for service of process.

█ Plaintiffs chose the forum in which defendant was doing business and maintained an office. Until this motion was filed, they apparently had every right to believe that their choice of New York was a convenient forum for defendant. Under the circumstances, even though now none of the parties apparently has any contacts with New York, plaintiffs' choice is still entitled to some deference, and the "burden of persuasion regarding the appropriateness of a discretionary [28 U.S.C. § 1404(a)] transfer lies with the movant." *Star Lines, Ltd. v. Puerto Rico Maritime Shipping Authority,* 442 F.Supp. 1201, 1207 (S.D.N.Y. 1978) (Carter, J.). "Absent a clear and convincing showing" that the balance of convenience strongly favors the alternate forum, *General State Authority (of Pennsylvania) v. Aetna Casualty and Surety Co.,* 314 F.Supp. 422, 423 (S.D.N.Y.1970) (Edelstein, J.), discretionary transfers are not favored. Where the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed. *Bastille Properties, Inc. v. Hometels of America, Inc.,* 476 F.Supp. 175, 182 (S.D.N.Y.1979) (Carter, J.).

All the witnesses to the accident, records, and doctors who first treated plaintiff are in Saudi Arabia. Defendant contends that it has two weekly charter flights from Saudi Arabia to Houston. Therefore, to transport these witnesses, records and doctors, if necessary, to Houston rather than New York would, defendant suggests, substantially reduce the cost of transportation. The added cost and inconvenience of bringing the people and documents here, however, would appear to be so insignificant as not to warrant consideration.

█ Defendant also alleges that plaintiff was seen by doctors in Houston who are not Aramco employees and not subject to subpoena. I am not certain what point defendant seeks to assert in that statement. If this means that Houston doctors engaged by defendant examined the husband-plaintiff, I see no reason why defendant cannot arrange to bring one or more of these doctors to New York to testify. If the doctors were engaged by plaintiff, defendant can have doctors amenable to process in New York examine plaintiff and secure the reports of the Houston medics so that reference can be made to their findings at trial. Finally, that ASC is located in Houston is hardly a weighty consideration. Its function is to arrange for defendant's defense, but it can arrange for that at any situs in the United States.[1]

Viewing the private interests in the light most favorable to the defendant, the private interests of the parties are in balance. Indeed, since it is clearly more convenient for plaintiffs to have the trial in New York than in Houston, plaintiffs have a slight edge. In any event, it is clear that defendant's inconvenience, if any, is not of such compelling character to warrant negating plaintiffs' choice of forum. *American Contract Designers, Inc. v. Cliffside, Inc.,* 458 F.Supp. 735, 740 (S.D.N.Y.1978) (Cannella, J.).

The public interest factors do not tip the scale in defendant's favor. It is suggested that the Workmen's Compensation Law of

---

1. Assuming that defendant is suggesting that ASC will secure Texas counsel to represent defendant, the convenience of a party's counsel is not a factor warranting consideration on a motion to transfer. *See e.g. Vaughn v. American Basketball Association,* 419 F.Supp. 1274, 1277 (S.D.N.Y.1976) (Lasker, J.); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707, 710 (S.D.N.Y.1973) (MacMahon, J.); *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.,* 344 F.Supp. 1267, 1272 (S.D.N.Y.1972) (Weinfeld, J.).

Texas would be applicable. Unlike foreign law, applying the law of another jurisdiction within the United States poses no particular problem to any federal forum. There are no statistics comparing the size of the backlog or estimating the time lag between filing and trial in either the Eastern District of Texas or the Southern District of New York. It must be assumed, therefore, that these factors are not determinative.

 The interests of justice, however, convince the court that the motion should be denied. When the case was filed, it appears that plaintiffs had every right to believe that defendant was doing business in New York and maintained an office here. Concededly, the suit is timely under the provisions of New York's statute of limitations. Defendant contends that plaintiffs' suit is time barred in Texas. Under the circumstances, it would be unjust now to transfer the litigation to a jurisdiction where plaintiffs might be time barred from prosecuting the claim. Accordingly, the motion is denied.

IT IS SO ORDERED.