**SANTA FE INTERNATIONAL CORP.**

v.

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION.**

**Civ. A. No. B–88–01167–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 6, 1989.

Daniel K. Hedges, Porter & Clements, Houston, Tex., for plaintiff.

Thomas R. McDade, William R. Pakalaka, Murray J. Fogler, William P. Maines, Fulbright & Jaworski, William G. Rosch, Rosch & Ross, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### I.

During the 1970s and early 1980s, gas pipeline owners set out to acquire large volumes of natural gas. It was common practice for the pipeline owners to contract with the producers of the gas for regular deliveries of their product. If the gas pipeline owner was unable to take the gas, for whatever reason, the producer was to get paid as if the pipeline had taken the gas. The system worked well as long as the market for natural gas existed.

However, once the market declined, a string of litigation ensued over these contracts, more commonly known as "take-or-pay" contracts. Two of the parties to these contracts were Santa Fe International Corporation (Santa Fe) and Transcontinental Gas Pipeline Corporation (Transco). In one such lawsuit, Santa Fe filed an action against the defendant, Transco, in the defendant's principal place of business, Houston. In the present case, which was filed in Beaumont, different gas wells are involved, but the witnesses, contract language, and other evidence is essentially identical.

Although the propriety of venue is contested by Transco pursuant to 43 U.S.C. § 1349(b)(1), principal places of business and states of incorporation are uncontested. Santa Fe proudly declares Dallas County, Texas, as its principal place of business, and Transco pretentiously towers over the west end of Houston. Both parties declare Delaware as their state of incorporation.

Unmoved by Beaumont, however, Transco asserts that the present action should be transferred to Houston pursuant to 28 U.S.C. § 1404(a). Santa Fe contends that regardless of the Houston action or other factors, its choice of forum in this matter should not be disturbed.

Whether a case should be transferred pursuant to 28 U.S.C. § 1404(a) is outlined in the following criteria by the Supreme Court:

1. Relative ease of access to the sources of proof;

2. Availability of unwilling witnesses to subpoena;

3. Cost of attending trial by willing witnesses;

4. Relation of community in which courts and jurors are required to serve to the occurrence giving rise to the suit;

5. Accessibility of the premises to jury view;

6. Relative congestion of the court dockets;

7. Practical problems that make trial of the case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The last factor, although quite general, is perhaps the most important given the possibility of combining this case with the pending Houston action. Even a cursory reading of the twin complaints, contracts, and answers by the defendant reveals that the two cases are virtually identical take-or-pay claims which could have been joined by the plaintiff in the Houston proceeding pursuant to FED.R.CIV.P. 18(a). In the alternative, the courts have the discretion to consolidate suits under FED.R.CIV.P. 42(a), which states:

When *actions involving a common question of law or fact* are pending before the court, it may order a joint hearing or trial on any or all the matters in issue in the actions; it may order all the

actions consolidated; and it may make such orders concerning proceedings therein *as may tend to avoid unnecessary costs or delay.*

FED.R.CIV.P. 42(a) (emphasis added).

Common questions of fact and law are manifest in these cases. The only apparent differences are different wellheads, different required "takes" of gas, and different prices for gas taken. The fact that the cases involves different wellheads is a distinction without a difference, and the two different prices and percentage takes are subject to elementary calculation.

Meeting the standard for consolidation is quite easy—"actions involving a common question of law or fact"—and is achieved in this case since the two actions involve identical parties and law and virtually identical contracts, facts, witnesses, pleadings, and defenses. Take-or-pay cases involving multiple contracts (and their accompanying nuances) are routinely tried by the courts without difficulty. *See, e.g., Atlantic Richfield Co. v. ANR Pipeline Co.,* 768 S.W.2d 777 (Tex.App.—Houston 1989, n.w.h.) (34 gas purchase contracts). Consolidation of these cases would mean a substantial savings in time and money to the parties, witnesses, counsel, and the court.

Even were the actions not consolidated, the witnesses themselves would still benefit from the transfer of this case to Houston. It appears that most of the defendant's witnesses with knowledge of the principal issues are located in Houston. The plaintiff alleges that its key witnesses are located in Dallas, Texas, Lafayette, Lousiana, and Tulsa, Oklahoma, places which, given the location of principal airports, would be closer to Houston in travel time. No principal fact witnesses are located in Beaumont.

Beaumont also does not qualify as the community with the closest relationship to the occurrence giving rise to the suit. In actual distance, the Southern District of Texas is closer than the Eastern District to the well in question. Also, the contract was negotiated and executed in Houston, Texas, and Wichita, Kansas, not in Beaumont. None of the operative facts occurred in the Eastern District of Texas.

The parties themselves would be better served by the transfer to Houston. Transco has its principal offices in Houston. Santa Fe maintains offices and regularly conducts business in Houston. Neither party has administrative offices in Beaumont. Both sides have retained Houston attorneys in this matter.

II.

The statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The appellate courts have found transfers as matters "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation." *Lykes Bros. Steamship Co. v. Sugarman,* 272 F.2d 679, 680 (2d Cir.1959).

On balance, without passing on the propriety of venue in this district, the court finds that the movant has met its heavy burden, and that the factors under 28 U.S.C. § 1404(a) clearly point in favor of transfer of this case to Houston. Accordingly, defendant's motion to transfer venue to the United States District Court for the Southern District of Texas is GRANTED.